JOHN WESLEY VANDIFORD, EMPLOYEE, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF CORRECTION, EMPLOYER, DEFENDANT

No. 8910IC797

(Filed 20 March 1990)

**Public Officers § 6 (NCI3d) — probationary correctional officer — compensable injury — entitlement to salary continuation**

As a probationary correctional officer who sustained a compensable injury, plaintiff was entitled to salary continuation benefits for two years from the date of injury, since there was no distinction in the applicable statute, N.C.G.S. § 143-166.13 *et seq.*, between probationary or temporary employment and permanent employment for purposes of salary continuation.

**Am Jur 2d, Workmen's Compensation § 179.**

**VANDIFORD v. N.C. DEPT. OF CORRECTION**

[97 N.C. App. 640 (1990)]

APPEAL by plaintiff from a 16 March 1989 opinion of the Industrial Commission denying his claim for further salary continuation benefits. Heard in the Court of Appeals 8 February 1990.

Plaintiff was employed by defendant as a correctional officer at the Johnston County Prison Unit on 7 February 1986. On 2 May 1986 plaintiff was injured while taking a required training course at the North Carolina Justice Academy. Because of this injury, plaintiff was unable to complete the required training program. Plaintiff's probationary certification expired 6 February 1987 and defendant terminated his employment as a correctional officer on that date. Pursuant to G.S. § 143-166.14 plaintiff was paid his regular salary from 10 October 1986 through 5 February 1987. By using earned leave from 6 February 1987 through 22 February 1987 plaintiff continued to be paid his regular salary. Upon expiration of his leave plaintiff was approved by the Commission to receive temporary total disability compensation from 23 February 1987 until 6 July 1987. In early October 1987 plaintiff returned to his former work as a knitting machine mechanic. From the denial of further salary continuation benefits, plaintiff appeals.

*Thomas E. Strickland, P.A., by Thomas E. Strickland, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for the State.*

WELLS, Judge.

Article 12B of Chapter 143 of the General Statutes is entitled: *Salary Continuation Plan For Certain State Law Enforcement Officers.* This chapter is comprised of Sections 143-166.13 through 143-166.20. Sections 143-166.13 (1987 & Supp. 1989) and 166.14 (1987), in pertinent part, are as follows:

Sec. 143-166.13. *Persons entitled to benefits under Article.*

(a) The following persons who are subject to the Criminal Justice Training and Standards Act are entitled to benefits under this Article:

. . .

(2) State Correctional Officers, Department of Corrections.

Sec. 143-166.14. *Payment of salary notwithstanding incapacity; Workers' Compensation Act applicable after two years; dura-*

*tion of payment.* The salary of any of the above listed persons shall be paid as long as his employment in that position continues, notwithstanding his total or partial incapacity to perform any duties to which he may be lawfully assigned, if that incapacity is the result of an injury . . . arising out of and in the course of the performance by him of his official duties, except if that incapacity continues for more than two years from its inception, . . . . Salary paid to a person pursuant to this Article shall cease upon the resumption of his regularly assigned duties, retirement, resignation, or death, whichever first occurs. . . .

In the present case it is not disputed that plaintiff was covered under G.S. § 143-166.14 for a four-month period and that the injury he received was compensable under the statute. Also undisputed is the fact that it was this injury which prevented him from completing the required training course and completing his probationary period of employment.

Plaintiff assigns as error the finding that his probationary certification expired 6 February 1987. Plaintiff also contends that it was error to conclude that since the plaintiff's employment with the defendant did not continue beyond 6 February 1987, he was not entitled to further benefits under the Salary Continuation Plan of G.S. § 143-166.13 *et seq.* beyond that date.

Our review of an award of the Industrial Commission is limited to two questions: (1) whether there was competent evidence before the Commission to support its findings and (2) whether such findings support its legal conclusions. *McLean v. Roadway Express, Inc.*, 307 N.C. 99, 296 S.E.2d 456 (1982). When supported by competent evidence, findings of fact made by the Commission are conclusive on appeal. *Id.* Here, there was competent evidence in the form of a letter from an administrator for defendant that plaintiff's probationary certification expired on 6 February 1987. Therefore, this finding of fact is conclusive on appeal. The other findings were not excepted to and they are likewise deemed conclusive on appeal. Thus, our review focuses on whether the findings made by the deputy commissioner and adopted by the full Commission support the conclusion of law challenged by the plaintiff.

Plaintiff argues that it was error to conclude as a matter of law that because he was terminated 6 February 1987 from his employment as a correctional officer he is not entitled to further

benefits under the Salary Continuation Plan beyond that date. Plaintiff contends that as a probationary correctional officer who sustained an injury compensable under the statute, he is entitled to salary continuation benefits for two years from the date of injury.

Defendant contends that benefits under G.S. § 143-166.14 ceased when plaintiff's employment was terminated as a result of failure to complete training within the time period prescribed by N. C. Gen. Stat. § 17C-10 (1983). (This section was rewritten effective 1 October 1989; however, the amendment was not applicable to pending litigation.) In support of this contention, defendant relies on the first sentence of G.S. § 143-166.14 which says in part that "[t]he salary of any of the above listed persons shall be paid as long as his employment in that position continues. . . ."

G.S. § 17C-10(b) provides that "[u]pon separation of a criminal justice officer from a criminal justice agency within the year of temporary or probationary appointment, the probationary certification shall be terminated by the Commission." However, this "automatic" termination, occurring after coverage under the Salary Continuation Plan has been established, is not among the reasons articulated in G.S. § 143-166.14 for salary payments to cease. Had the Legislature intended such a limit to payments under the Salary Continuation Plan, it could have so stated when promulgating the Act. The clear thrust and purpose of the provisions of Article 12B is to provide additional salary benefits for law enforcement officers who are injured on the job. Such provisions should be liberally construed and not defeated on narrow, technical grounds.

The statute provides for the payment of salary to covered officers despite a total or partial incapacity to perform any duties to which assigned. The statute makes no distinction between probationary or temporary employment and permanent employment for purposes of salary continuation. Indeed, the Commission made no distinction between those certified on a probationary basis and those permanently certified as plaintiff received benefits under the Salary Continuation Plan for approximately four months. And, while the statute generally directs that "listed" covered persons shall be paid as long as employment continues, the specific reasons articulated for the cessation of salary payments prior to two years from the inception of the incapacity or injury are limited to "the resumption of . . . regularly assigned duties, retirement, resignation, or death." We therefore hold that as long as an individual

STATE ᴇx ʀᴇʟ. COMR. OF INS. v. N.C. RATE BUREAU

[97 N.C. App. 644 (1990)]

who is covered by the statute does not come within these articulated terms for salary discontinuation, his employment for salary continuation benefit purposes continues. To hold otherwise would contravene the intent of the Legislature to provide salary continuation benefits to covered officers notwithstanding incapacity by allowing an employer to simply terminate a covered employee—probationary or permanent—who becomes disabled because of an employment-related injury.

For the foregoing reasons we hold that plaintiff's coverage under G.S. § 143-166.13 *et seq.* did not end with the expiration of his probationary certificate and that he was eligible to receive salary continuation benefits for the full two-year period from the date of the injury.

The decision of the Industrial Commission is reversed and remanded for an award not inconsistent with this opinion.

Reversed and remanded.

Judges Cozort and Lewis concur.