LINDA A. TRIVETTE, Employee, Plaintiff v. MID-SOUTH MANAGEMENT, INC., Employer, CNA INSURANCE COMPANIES, Carrier, Defendants

No. COA01-1217

(Filed 19 November 2002)

**1. Workers' Compensation— remanded hearing—additional issue**

The Industrial Commission did not exceed its authority in a workers' compensation action by resolving on remand plaintiff's entitlement to temporary total disability even though the issue

---

was not addressed in the first appeal. Plaintiff had a rating of her permanent impairment and the commission was required to address, if plaintiff desired, whether the scheduled benefit for her rating under N.C.G.S. § 97-31 was a more favorable remedy than temporary total disability under N.C.G.S. § 97-28.

**2. Workers' Compensation— total disability—sufficiency of evidence**

There was sufficient evidence to support the Industrial Commission's findings and conclusions of temporary total disability in a workers' compensation action where there was medical testimony that the combination of plaintiff's existing multiple sclerosis and the injury rendered her incapable of work.

**3. Workers' Compensation— temporary total disability—end point**

Maximum medical improvement is not the point at which temporary total disability must end if the employee has not regained her ability to earn pre-injury wages. Temporary disability ends at the first point at which the employee may decide to exercise her discretion to select the more favorable remedy (disability benefits, partial or total, or the benefits scheduled for the permanent partial disability rating). Here, the commission determined that benefits would stop on the date which plaintiff sought as the beginning date for scheduled benefits and plaintiff did not appeal or cross-assign error.

Appeal by defendants from Opinion and Award entered 28 February 2001 and the Order entered 22 May 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 June 2002.

*Harris, Ragan, Patterson & Rodgers, P.L.L.C., by James W. Ragan, for the plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Mel J. Garofalo and Shelley W. Coleman, for the defendant-appellants.*

HUDSON, Judge.

Defendants appeal an opinion and award entered 28 February 2001 by the Full Commission ("Commission") of the North Carolina Industrial Commission awarding plaintiff, Linda Trivette, compensation for a work-related injury and an order entered 22 May 2001 by

the Commission denying defendants' motion to reconsider the opinion and award. We affirm.

This appeal arises from a worker's compensation claim filed by plaintiff alleging injury to her lower back during her employment by defendant, Mid-South Management, Inc. After plaintiff filed her claim, defendant admitted liability for medical expenses but did not admit liability for any disability, and this litigation ensued. The Commission awarded plaintiff benefits for temporary total disability for the period from 22 June 1993 through 9 July 1993 and for medical expenses. Plaintiff appealed and this Court (1) affirmed the Commission's determination that plaintiff was not entitled to an award of benefits for total disability for the worsening of a pre-existing condition, and (2) remanded to the Commission for findings regarding the issue of whether plaintiff has sustained, and is entitled to compensation for, permanent partial impairment. *See Trivette v. Mid-South Mgmt., Inc.*, 141 N.C. App. 151, 541 S.E.2d 523 (2000) (Table).

On 28 February 2001, the Commission found that, in addition to the benefits previously awarded, plaintiff was entitled to compensation for a 5% permanent partial impairment of her lower back and compensation for temporary total disability from 31 May 1994 until 7 January 1997 when plaintiff reached maximum medical improvement. Defendants appeal to this court contending (1) that the Commission exceeded the scope of its authority in awarding compensation for temporary total disability from 31 May 1994 until 7 January 1997, and (2) that even if the Commission acted within its authority, the evidence did not support the Commission's findings of fact and conclusions of law concerning temporary total disability benefits. We affirm the 28 February 2001 award of the Commission.

[1] In their first argument, defendants contend that the Commission exceeded its authority in awarding compensation for temporary total disability for the period from 31 May 1994 until 7 January 1997. Defendants argue that the Commission was instructed to address one issue on remand, the issue of permanent partial impairment, and that it was error for the Commission to address any other issue. In *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985), the Supreme Court observed that "[a]lthough the Industrial Commission is not a court with general implied jurisdiction, it is clothed with such implied power as is necessary to perform the duties required of it by the law which it administers." The Industrial Commission, as part of its judicial powers, "has inherent power to set aside one of its former judgments," because the "power to provide relief against the opera-

**TRIVETTE v. MID-SOUTH MGMT., INC.**

[154 N.C. App. 140 (2002)]

tion of a former judgment is an integral part of the judicial power." *Hogan*, 315 N.C. at 137, 139, 337 S.E.2d at 483, 484; *see also Jenkins v. Piedmont Aviation Servs.*, 147 N.C. App. 419, 424, 557 S.E.2d 104, 107-08 (2001) (holding that in certain circumstances, because of the judicial functions of the Commission, it may set aside a previous decision, even though it was not appealed). The Commission has the authority to set aside its former decisions in their entirety, which certainly includes the authority to set them aside in <u>part</u> in some circumstances, in the interest of justice. Moreover, in *Crump v. Independence Nissan*, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993), this Court noted that "if necessary, the full commission must resolve matters in controversy even if those matters were not addressed by the deputy commissioner."

Here, on remand, the Commission, in addition to its original findings, addressed the issue of plaintiff's permanent partial impairment and her temporary total disability. Because the evidence indicated that plaintiff had a rating of her permanent impairment, the Commission was required to address, if plaintiff desired, whether the scheduled benefit for her rating under N.C. Gen. Stat. § 97-31 was a more favorable remedy than temporary total disability under N.C. Gen Stat. § 97-29. *Whitley v. Columbia Mfg. Co.*, 318 N.C. 89, 348 S.E.2d 336 (1986). Thus, we do not believe that, under these circumstances, the Commission exceeded its authority in resolving the matter of plaintiff's entitlement to temporary total disability even though this issue was not addressed by this Court in the first appeal.

**[2]** In their second argument, defendants contend that the "record is devoid of competent evidence to support the findings of fact and conclusions of law of the Full Commission." On appeal of a workers' compensation decision, we are "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). An appellate court reviewing a workers' compensation claim "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). In reviewing the evidence, we are required, in accordance with the Supreme Court's mandate of liberal construction

in favor of awarding benefits, to take the evidence "in the light most favorable to plaintiff." *Id.*

The Full Commission is the "sole judge of the weight and credibility of the evidence." *Deese*, 352 N.C. at 116, 530 S.E.2d at 553. Furthermore,

> the Commission does not have to explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible. Requiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradition of not requiring the fact finder to explain why he or she believes one witness over another or believes one piece of evidence is more credible than another.

*Id.* at 116-17, 530 S.E.2d at 553. Additionally, in making its determinations, the Commission "is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead the Commission must find those facts which are necessary to support its conclusions of law." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 602, 532 S.E.2d 207, 213 (2000) (internal quotation marks omitted) (alteration in original); *see* N.C. Gen. Stat. § 97-86 (2001). Moreover, the Commission must "make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends." *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 579, 235 S.E.2d 856, 859 (1977).

Here, the defendants have challenged the following provisions in the Opinion and Award:

Findings of Fact

11. Dr. Stutesman also diagnosed plaintiff with piriformis syndrome, which involves spasticity of a deep pelvic muscle which binds and irritates the sciatic nerve resulting in lower back pain. Dr. Stutesman directly related plaintiff's problems with the piriformis muscle to the work-related injury, although in retrospect, Dr. Stutesman stated that the severity of the syndrome was probably due to the fact that plaintiff also had multiple sclerosis.

12. On May 31, 1994, plaintiff underwent piriformis release surgery performed by Dr. Scott McCloskey. The surgery was

**TRIVETTE v. MID-SOUTH MGMT., INC.**

[154 N.C. App. 140 (2002)]

successful and plaintiff's deep buttock and hip pain was somewhat relieved; however, due to plaintiff's multiple sclerosis condition, she continued to experience a degree of spasticity. On January 7, 1997, Dr. Stutesman stated that plaintiff had reached maximum medical improvement as far as her back injury, and she rated plaintiff with a 5% permanent partial disability to her back. The rating was based upon the work injury, the SI joint dysfunction and the piriformis injury which Dr. Stutesman directly related to the work injury.

19. Dr. Yount indicated that plaintiff's June 21, 1993, injury was one which normally would heal in a 6 to 8 week period with conservative treatment.

22. Plaintiff was subsequently disabled as a result of her piriformis release surgery on May 31 1994 and continued to be disabled until 7 January 1997 when she reached maximum medical improvement to her lower back with a 5% permanent partial disability rating.

Conclusions of Law

4. As a result of the injury by accident of June 21, 1993, plaintiff's piriformis condition was significantly aggravated and resulted in piriformis muscle release surgery on 31 May 1994. As a result of the injury, plaintiff sustained a 5% permanent partial disability to her lower back. Accordingly, plaintiff is entitled to compensation in the amount of $193.64 per week for a period of 15 weeks. N.C. Gen. Stat. § 97-31(23).

5. Plaintiff is entitled to temporary total disability compensation in the amount of $193.64 per week from the 31 May 1994 date of her piriformis release surgery through 7 January 1997 when she reached maximum medical improvement to her lower back. N.C. Gen. Stat. § 97-29.

Award

2. Defendants shall pay plaintiff temporary total disability compensation in the amount of $193.64 per week beginning on 31 May 1994 and continuing through 7 January 1997. Defendants shall pay this amount in a lump sum, subject to attorney's fees approved below.

3. Subject to attorney's fees approved below, defendants shall pay plaintiff a lump sum in the amount of $2,904.60 represent-

ing a 5% permanent partial disability to her back, pursuant to the June 7, 1997 rating provided by Dr. Stutesman.

4. Plaintiff's counsel is entitled to a reasonable attorney's fee of 25% of plaintiff's recovery in Paragraphs 2 and 3 above. The fee shall be deducted from the lump sum awards and paid directly to plaintiff's counsel.

Defendants argue that Dr. Stutesman's testimony does not support these findings and conclusions of total disability because certain portions of the doctor's testimony "reveal[] that Dr. Stutesman actually felt that plaintiff's disability was a result of the multiple sclerosis." We disagree and conclude that the testimony supports the findings of the Commission.

First, we address whether "any competent evidence supports the Commission's findings of fact" concerning plaintiff's temporary total disability. *Deese*, 352 N.C. at 116, 530 S.E.2d at 553. The employee bears the burden of showing that he has suffered a "disability" (loss of wage-earning capacity) pursuant to N.C. Gen. Stat. § 97-29 (2001) or N.C. Gen. Stat. § 97-30 (2001). *See* N.C. Gen. Stat. § 97-2(9) (2001). According to *Russell v. Lowes Product Distribution*, a plaintiff may satisfy this initial burden by one of several approaches:

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, experience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

108 N.C. App. 762, 765-66, 425 S.E.2d 454, 457 (1993) (internal citations omitted).

Plaintiff's evidence, including the testimony of Dr. Stutesman, established that the combination of her pre-existing multiple sclerosis and the injury that required piriformis release surgery rendered her physically incapable of work in any employment. Specifically, Dr. Stutesman stated the following at her deposition:

Q. . . . . So are you saying here her inability to work at this point in time is due to a combination of things?

MR. KURANI: Objection.

THE WITNESS: Yes.

Q. (By Ms. Thomas) Okay. And those things are MS, back pain and deformities?

MR. KURANI: Objection.

THE WITNESS: Yes.

Later in her deposition, Dr. Stutesman reiterated that plaintiff's inability to work was due to "a combination of the two" factors—back problems and multiple sclerosis.

Based on this evidence, the Commission found that plaintiff's "disability" or loss of wage-earning capacity during the period ending 7 January 1997 was total, meaning that she was "entitled to receive benefits for as long as the total loss of wage-earning capacity lasts." *Knight v. Wal-Mart Stores, Inc.*, 149 N.C. App. 1, 10, 562 S.E.2d 434, 441 (2002) (citing N.C. Gen. Stat. § 97-29); *Gupton v. Builders Transport*, 320 N.C. 38, 42, 357 S.E.2d 674, 678 (1987) (defining "disability" for purposes of workers' compensation benefits).

[3] Dr. Stutesman last saw plaintiff on 23 May 1996. In response to a letter from defendants on 7 January 1997, "Dr. Stutesman stated that plaintiff had reached maximum medical improvement as far as her back injury, and she rated plaintiff with a 5% permanent partial disability to her back. The rating was based upon the work injury, the SI joint dysfunction and the piriformis injury which Dr. Stutesman directly related to the work injury." According to Dr. Stutesman, "maximum medical improvement" signifies "when a person's condition stabilizes for at least 6 months and we do not see any deterioration or improvement." However, maximum medical improvement is not the point at which temporary total disability must end, if the employee has not regained her ability to earn pre-injury wages. *See Knight; Russos v. Wheaton Indus.*, 145 N.C. App.164, 167-68, 551 S.E.2d 456, 459 (2001) (*disc. rev. denied*, 355 N.C. 214, 560 S.E.2d 135 (2002)). Rather, it is the first point at which the employee may decide to exercise her selection of the more favorable remedy, as between disability benefits, (partial 97-30 or total 97-29), and the benefits provided under the 97-31 schedule for the rating. *See Knight; Whitley v. Columbia Manufacturing*; and *Gupton*. Here, the plaintiff apparently

sought to select the benefits under the schedule beginning 7 January 1997, and has neither appealed nor cross-assigned as error the Commission's determination that her ongoing benefits should stop on that date. Dr. Stutesman carefully explained the basis for her 5% rating, and defendants have not argued that the rating is unsupported by the evidence. Thus, we conclude that the evidence supports the challenged findings of fact, which in turn support the conclusions of law and award of the Commission.

Defendants also contend that the Commission erred in denying their motion to reconsider. In light of our decision on the merits in this opinion, we need not address this contention. The 28 February 2001 Opinion and Award of the Commission is affirmed.

Affirmed.

Judges WYNN and CAMPBELL concur.