JAMES R. STARR, EMPLOYEE, PLAINTIFF-APPELLEE v. GASTON COUNTY BOARD OF EDUCATION, EMPLOYER, AND KEY RISK INSURANCE COMPANY, CARRIER, DEFENDANT-APPELLEES, AND NORTH CAROLINA SCHOOL BOARDS TRUST, THIRD-PARTY ADMINISTRATOR, DEFENDANT-APPELLANT

No. COA07-732

(Filed 15 July 2008)

**1. Workers' Compensation— back and neck injury—sustained improvement**

In a workers' compensation case involving an initial back injury and subsequent neck injury, defendant's contention about plaintiff's sustained improvement after surgery was contradicted by unchallenged findings, by medical testimony, and by testimony from the human resources representative of the employer.

**2. Workers' Compensation— neck injury—findings—supported by evidence**

In a workers' compensation case involving an initial back injury and subsequent neck injury, the Commission's finding about the nature and duration of the neck injury in 2002 was supported by competent medical testimony.

**3. Workers' Compensation— two injuries—admission of liability by second insurance company—admission limited to second injury**

In a workers' compensation case involving an initial back injury and subsequent neck injury, there was competent evidence in the forms filed with the Commission and the medical testimony that the insurance company at the time of the second injury admitted plaintiff's right to compensation. Furthermore, as fact finder, the Commission acted within its authority to infer from Key Risk's Form 60 and plaintiff's Form 18 that the admission was limited to the cervical injury and its symptoms.

**4. Workers' Compensation— back injury—subsequent neck injury—findings regarding change in back injury**

In a workers' compensation case involving an initial back injury and subsequent neck injury, there was competent evidence in the record to support Industrial Commission findings that plaintiff's back condition did not substantially change as a result of the second accident and that the second accident did not materially aggravate or accelerate the low back injury.

**5. Workers' Compensation— initial injury not aggravated by second—reimbursement of compensation**

In a workers' compensation case involving an initial back injury and subsequent neck injury, the findings supported conclusions that the second accident did not materially aggravate or accelerate the initial injury, that the greater weight of the evidence establishes that plaintiff's lower back and leg pain after the second accident was not caused by that accident, and that defendant-appellees are entitled to reimbursement for compensation paid after that accident.

**6. Workers' Compensation— two injuries—partial repayment of compensation for second—authority of Commission**

An appeal from the Industrial Commission is permitted only in matters of law, not equity, and the Industrial Commission in a workers' compensation case involving two accidents acted within its inherent authority and N.C.G.S. § 97-86.1(d) when it ordered defendant-appellant NCSBT (which provided self-insurance at the time of the first accident) to make partial repayment to defendant-appellees (the insurer at the time of the second accident).

STARR v. GASTON CTY. BD. OF EDUC.

[191 N.C. App. 301 (2008)]

Appeal by third-party administrator-defendant from an opinion and award entered 2 February 2007 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 January 2008.

*The Sumwalt Law Firm, by Mark T. Sumwalt and Vernon Sumwalt, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kinchloe, L.L.P., by Margaret M. Kingston and Allen C. Smith, for defendant-appellant, North Carolina School Boards Trust.*

*Stiles, Byrum & Horne, L.L.P., by Henry C. Byrum, Jr. for defendant-appellees Gaston County Board of Education and Key Risk Insurance Company.*

STEELMAN, Judge.

This Court may not re-weigh evidence when the findings of fact of the Industrial Commission are supported by competent evidence in the record. Where those findings support the Commission's conclusions of law, its award must be affirmed. Because compensation payments pursuant to a Form 60 are not a final award, the Commission acted within its authority to order appellant to reimburse the appellee insurance carrier.

## I. Factual and Procedural Background

This matter involves two separate and distinct compensable injuries to James Starr (hereinafter "plaintiff"), who was employed by the Gaston County Board of Education ("employer") as a groundskeeper on 17 April 2001 and on 6 August 2002.

On 17 April 2001, plaintiff injured his lower back while performing routine job duties. At that time, employer was self-insured with the North Carolina School Boards Trust ("NCSBT"). NCSBT filed a Form 60 in May 2001, admitting plaintiff's right to compensation for his back injury ("2001 injury"). Following lumbar surgery to repair a herniated disc, plaintiff was released to return to work in October 2001. Between March and July 2002, plaintiff was treated for low back pain, radiating into his right leg, by Dr. Herman Gore. During this time, plaintiff missed work and collected disability on three separate occasions because of continuing pain.

On 6 August 2002, in the course and scope of plaintiff's employment, his truck was rear-ended by another vehicle. The day following this accident, plaintiff reported an injury to his neck and right shoul-

der to employer. At the time of this accident, employer was insured for worker's compensation by Key Risk Insurance Company ("Key Risk"). On 7 August 2002, defendant filed a Form 19 reporting the accident and listing injuries to plaintiff's "neck & shoulder on right side." On 13 September 2002, Key Risk filed a Form 60 describing the accident but not specifying the nature of plaintiff's injury. On 24 September 2002, plaintiff filed a Form 18 listing injury to his "neck, right shoulder, mid back."

At a follow-up visit with Dr. Gore shortly after the August 2002 accident, plaintiff reported pain in both legs. While a clinical examination revealed his condition to be no different than that found in a 15 July 2002 clinical exam, Dr. Gore referred plaintiff to Dr. Petty, a neurosurgeon who had previously treated him in 1997 for a cervical spine injury. Under Dr. Petty's care, plaintiff was released to return to work "with restrictions" on 11 February 2003. Despite Dr. Petty's release, plaintiff has not returned to work since August 2002 and has continued to see Dr. Gore for pain management. Key Risk continued to pay temporary total disability ("TTD").

On 29 July 2003, Key Risk filed a Form 33 with the North Carolina Industrial Commission, seeking (1) a determination that plaintiff's disability since 11 March 2003 was related to the 17 April 2001 back injury, (2) reimbursement for TTD compensation paid by Key Risk since that date, and (3) to end TTD compensation for the August 2002 injury. On 2 February 2007, the Full Commission entered an Opinion and Award, holding that plaintiff's disability related to the August 2002 accident lasted only until 11 February 2003 and that any subsequent disability was related to the April 2001 accident. It further ordered that NCSBT reimburse Key Risk for all TTD compensation payments since 11 February 2003, to reimburse plaintiff for any underpayments during that period of time, and to pay plaintiff TTD compensation until further order of the Commission. NCSBT appeals.

## II. Standard of Review

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact. *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (citing *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986)). Where there is competent evidence to support the Commission's findings, they are binding on appeal even in light of evidence to support contrary find-

ings. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004). The Commission's conclusions of law are reviewed *de novo. Ramsey v. Southern Indus. Constructors, Inc.*, 178 N.C. App. 25, 30, 630 S.E.2d 681, 685 (2006).

It is the duty of the Commission to decide the matters in controversy and not the role of this Court to re-weigh the evidence. *See Crump v. Independence Nissan*, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993) ("[T]he full Commission has the duty and responsibility to decide all matters in controversy between the parties[.]"); *Trivette v. Mid-South Mgmt., Inc.*, 154 N.C. App. 140, 144, 571 S.E.2d 692, 695 (2002) ("The Full Commission is the 'sole judge of the weight and credibility of the evidence.' ").

"Rule 28(b)(6) of the Rules of Appellate Procedure restricts our review to questions that are supported by the arguments made in the brief. Where a party fails to bring forward any argument or authority in their brief to support their assignments of error, those assignments of error are deemed abandoned." *Williams v. N.C. Dep't of Env't & Natural Res.*, 166 N.C. App. 86, 95, 601 S.E.2d 231, 236-37 (2004) (citations omitted), *rev. denied*, 359 N.C. 643, 614 S.E.2d 925 (2005); N.C.R. App. P. 28(b)(6) (2007).

### III. Evidentiary and Ultimate Findings of Fact

We note at the outset that the Commission's findings of fact include both evidentiary and ultimate findings of fact.

There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts.

*Woodard v. Mordecai*, 234 N.C. 463, 470, 67 S.E.2d 639, 644 (1951) (internal citations omitted); *see also In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (stating that determinations requiring the exercise of judgment or the application of legal principles are more properly classified as conclusions of law, while those reached through logical reasoning are more properly classified as findings of fact).

### IV. Material Aggravation of Pre-Existing Condition

In its first argument, NCSBT contends that the Full Commission erred in concluding that the August 2002 injury did not materially

aggravate or accelerate plaintiff's pre-existing back condition caused by the 2001 accident. We disagree.

## A. Evidentiary Findings of Fact

[1] NCSBT asserts that many of the Commission's findings of fact are unsupported by the competent medical evidence in the record and that conclusions of law 2, 3, and 5 were erroneous as a matter of law. However, rather than bringing forward its assignments of error challenging certain findings of fact, NCSBT makes a series of broad sweeping statements to the effect that the Industrial Commission's decision was incorrect. To the extent that NCSBT has failed to argue specific assignments of error regarding the Industrial Commission's findings of fact, they are deemed abandoned. *Williams*, 166 N.C. App. at 95, 601 S.E.2d at 236-37. We further note that findings of fact 30-31 and 33-36, to which NCSBT assigns error, require the application of legal principles and are more properly classified as conclusions of law. *Helms*, 127 N.C. App. at 510, 491 S.E.2d at 675. We thus defer consideration of arguments involving these findings, and limit our analysis in this section to the Commission's evidentiary findings.

Within this argument, NCSBT contends that plaintiff's 2001 disk injury improved significantly following September 2001 surgery, and that clinical findings regarding symptoms of left leg pain following the August 2002 motor vehicle accident establish a material aggravation of his 2001 lumbar condition. Specifically, NCSBT contends that the Commission's findings of fact related to the issue of material aggravation of his pre-existing back condition (evidentiary findings 7, 8, 10, 12, 14, 20-22, and 28) are contrary to all competent evidence of record, because all competent medical evidence demonstrates that plaintiff experienced significant improvement following back surgery in 2001 and sustained a new lumbar injury from the motor vehicle accident that caused persistent symptoms of back and bilateral leg pain. NCSBT further asserts that the Commission applied the wrong standard for determining causation.·

The Commission considered testimony from plaintiff, his supervisor, the Director of Facility Services of the Gaston County Schools, and a human resources representative. Depositions from three physicians and a rehabilitation specialist, and associated medical records, were also considered.

### Findings Regarding Plaintiff's Back Surgery

Citing findings of fact 10 and 12, NCSBT contends that the competent evidence showed that plaintiff reached "sustained improve-

ment" of his low back condition following surgery and was back at work full-time and full duty as of 29 October 2001, and that there is no competent medical evidence showing otherwise. To the contrary, in findings of fact 9, 11, and 13, unchallenged by NCSBT, the Commission found that plaintiff's pain did not resolve following surgery, that improvement was "slow," and that Dr. Doute continued to recommend a lumbar fusion in July 2002 to address the degeneration in plaintiff's low back. Employer's human resource officer testified to plaintiff's work record, which included multiple absences in the months between the surgery and the August 2002 motor vehicle accident. Finally, Dr. Doute testified that plaintiff's postoperative improvement was "pretty slow," that decreases in pain medication led to increased pain, and that the postoperative pain was due to a "structural problem with the disk." We hold that findings of fact 10 and 12 are supported by plaintiff's testimony, testimony from the human resources representative for employer, the testimony of Drs. Doute and Gore, and other findings of fact by the Commission.

Findings Regarding the Nature and Duration of the 2002 Injury

[2] NCSBT challenges finding of fact 28, which states that:

After giving careful consideration to the competent credible evidence in its entirety, it is determined that the greater weight of the evidence at most shows a temporary aggravation of Plaintiff's pre-existing neck condition following his August 6, 2002 injury by accident. From the evidence of record, this temporary aggravation resulted in disability to Plaintiff from August 7, 2002 and lasted only until February 11, 2003, when Dr. Petty determined Plaintiff was capable of work and his only restriction being to avoid placing his head in an unusual position.

Having reviewed the deposition testimony of the treating physicians, we conclude that this finding is supported by competent medical testimony from the neurologist who treated plaintiff for complaints of neck and shoulder pain following the 2002 accident.

Neurologist J. M. Petty, M.D., testified that plaintiff's 2002 neurological and clinical exams were normal. He further testified that plaintiff's reported pain and 2002 MRI scan were similar to those in Dr. Petty's 1997 records, and that the only basis for relating plaintiff's neck pain to the 2002 motor vehicle accident was plaintiff's history, rather than clinical or diagnostic findings. Plaintiff testified that he had had neck surgery in 1983. During plaintiff's course of treatment,

Dr. Petty released him to work on 11 February 2003, 11 March 2003, and 2 September 2004. These three work releases included limited restrictions based only upon plaintiff's complaints of pain, for which Dr. Petty recommended physical therapy. Moreover, finding of fact 23, unchallenged by NCSBT, states that:

> Dr. Gore acknowledged that plaintiff's low back pain continued at the same level as prior to the motor vehicle accident. Dr. Gore never made an assessment of whether there was a material aggravation of plaintiff's low back condition as a result of his motor vehicle accident. He deferred to the physician who treated plaintiff for his neck injury on any disability associated with that condition.

Finding of fact 23 is binding on this Court. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (unchallenged findings of fact are binding on appeal). We hold that Dr. Petty's deposition testimony and finding of fact 23 are competent evidence supporting the Commission's conclusion that any aggravation to plaintiff's pre-existing neck condition was temporary.

Having determined that there was competent evidence supporting finding of fact 28, we need not address NCSBT's challenge to findings of fact 7, 8, 20, and 22. We decline to address NCSBT's argument that finding of fact 28 "omits salient facts" and is contrary to the competent evidence of record and to the law. *McRae*, 358 N.C. at 496, 597 S.E.2d at 700; *Trivette*, 154 N.C. App. at 144, 571 S.E.2d at 695.

### Key Risk's Form 60

[3] Regarding finding of fact 14, NCSBT asserts that this finding "modifies" Key Risk's Form 60 and is an unauthorized limitation on Key Risk's liability for the 2002 injury. Finding of fact 14 states:

> 14. Plaintiff sustained a second admittedly compensable injury by accident [a]rising out of and in the course of his employment with the Defendant-employer on August 6, 2002, when he was involved in a motor vehicle accident. The Defendant-employer and Key Risk admitted compensability for a neck injury with a Form 60 dated September 6, 2002. Plaintiff filed a Form 18 on September 5, 2002, alleging injuries to his neck, right shoulder and mid-back. These Defendants stipulated that they have continued to pay Plaintiff temporally [sic] total disability since August 6, 2002.

We have reviewed the record and conclude that finding of fact 14 is supported by competent evidence.

The record clearly reflects that none of the Industrial Commission Forms filed by any party in conjunction with the 2002 accident specified an injury to the lumbar region of the back. The Form 60 filed by Key Risk in September 2002 describes the August 2002 accident as being a rear-end collision, but in no way describes the nature of plaintiff's injury. Plaintiff's 2002 Form 18 described his injuries from the motor vehicle accident as being to his "Neck, right shoulder, mid back." While finding of fact 14, as stated, may not be technically correct, any deficiency is immaterial when viewed in light of the medical testimony. Appellees' Forms 18 and 60, coupled with the medical testimony, provide competent evidence before the Commission that the Form 60 filed by Key Risk admitted plaintiff's right to compensation from a cervical injury, as articulated in finding of fact 14.

Furthermore, we disagree with NCSBT's characterization of this finding as a "modification" to Key Risk's Form 60. The Form 60 clearly admitted plaintiff's right to compensation for injuries of 6 August 2002. NCSBT's own Form 60 just as clearly admitted compensability for the 2001 lower back injury. As factfinder, the Commission acted within its authority to infer from Key Risk's Form 60 and plaintiff's Form 18 that the admission was "limited" to the cervical injury and its resulting symptoms. *Trivette*, 154 N.C. App. at 144, 571 S.E.2d at 695.

We conclude that the record contains competent evidence supporting findings of fact 10, 12, 14, and 28.

## B. Ultimate Findings of Fact

[4] NCSBT next contends that the Commission erred in its findings of fact (nos. 30, 31, 33, 34, and 36) that: (1) the evidence failed to establish that the 2002 accident materially aggravated or accelerated plaintiff's preexisting low back condition; (2) the greater weight of the evidence established that plaintiff's disability since 11 February 2003 resulted from the 17 April 2001 low back injury; (3) Key Risk was entitled to reimbursement from NCSBT for compensation paid since 11 February 2003; and (4) plaintiff was entitled to have NCSBT pay for medical treatment necessitated by the 17 April 2001 injury. Each of these is an ultimate finding of fact, required to establish the plaintiff's cause of action. *Woodard*, 234 N.C. at 470, 67 S.E.2d at 644.

NCSBT contends that, because the medical records indicated bilateral leg pain in the time period following the August 2002 motor vehicle accident, the Commission erred in finding that plaintiff's back

condition did not substantially change as a result of that accident, nor did the accident materially aggravate or accelerate the low back injury. Findings of fact nos. 4, 6, 9, 11, 13, 16-19, 21, 23-24, and 29, uncontested on appeal, support findings of fact 30, 31, 33, 34, and 36, as do findings of fact nos. 10, 12, and 28, discussed *supra.* Where there is competent evidence to support the Commission's findings, we will not re-weigh the evidence even though there may be evidence to support contrary findings. *Clark v. Wal-Mart,* 360 N.C. at 43, 619 S.E.2d at 492; *Trivette,* 154 N.C. App. at 144, 571 S.E.2d at 695.

NCSBT further contends that the Commission applied the wrong causation standard to the evidence, erroneously relying upon the "absence of MRI evidence" to conclude that the 2002 accident did not materially aggravate or accelerate plaintiff's lumbar injury. Because the cases cited by NCSBT dealt with different facts and circumstances than those before us in this matter, they are not controlling and we do not reach this argument.

We conclude that the record contains competent evidence supporting findings of fact 30, 31, 33, 34, and 36.

### C. Conclusions of Law

[5] Finally, NCSBT contends that the Commission erred in its conclusions of law (nos. 2, 3, and 5) that: (1) the 2002 accident did not materially aggravate or accelerate plaintiff's 2001 injury; (2) the greater weight of the evidence establishes that plaintiff's lower back and leg pain after the 2002 accident was not caused by that accident; and (3) defendant-appellees are entitled to reimbursement from NCSBT for compensation paid since 11 February 2003. We review the Commission's conclusions of law *de novo,* but this review is limited to whether the findings of fact support the Commission's conclusions of law. *Ramsey,* 178 N.C. App. at 30, 630 S.E.2d at 685.

All three of these conclusions are supported by the findings discussed *supra.* Conclusions of law 2 and 3 are specifically supported by finding of fact 33, which states that "the greater weight of the evidence shows that Plaintiff's disability since February 11, 2003, has resulted from his low back injury on April 17, 2001." Conclusion of law 5, which held that Key Risk paid compensation to plaintiff on the good faith belief that plaintiff's disability was due to a neck injury, is specifically supported by findings of fact 14 and 34, which establish appellees' record of payment and right to reimbursement, respectively.

**STARR v. GASTON CTY. BD. OF EDUC.**

[191 N.C. App. 301 (2008)]

We thus hold that competent evidence supports the Commission's findings, and the Commission's conclusions and Award are justified by those findings. *Clark,* 360 N.C. at 43, 619 S.E.2d at 492. This argument is without merit.

## V.  Equitable Arguments

**[6]** In its remaining arguments, NCSBT argues that Key Risk's claims are barred by equitable principles of waiver and estoppel. We disagree.

NCSBT asserts that Key Risk waived its right to contest liability on the 2002 claim because it paid TTD for two years without limiting its liability through the filing of an Industrial Commission Form 33. NCSBT further asserts that principles of estoppel bar reimbursement of those payments. As discussed in IV.A. above, at no time was the injury resulting from the August 2002 accident described by any party as being to plaintiff's low back. Industrial Commission Forms 18 and 60, filed by the parties, established that the 2001 accident caused the injury to plaintiff's low back.

"Equity will not lend its aid in any case where the party seeking it has a full and complete remedy at law." *Jefferson Standard Life Ins. Co. v. Guilford County,* 225 N.C. 293, 300, 34 S.E.2d 430, 434 (1945) (citations omitted). An appeal from the Industrial Commission is permitted only as to matters of law. *Fox v. Cramerton Mills,* 225 N.C. 580, 583, 35 S.E.2d 869, 870-71 (1945). We have already established that the Commission acted within its authority when it limited Key Risk's liability to the cervical injury. Consequently, we limit our analysis to NCSBT's contention that payments prior to the 11 October 2004 filing of the Form 33 are non-reimbursable within the meaning of N.C. Gen. Stat. § 97-86.1(d).

The relevant provision of the Workers' Compensation statute reads:

In any claim under the provisions of this Chapter wherein one employer or carrier has made payments to the employee or his dependents pending a final disposition of the claim and it is determined that different or additional employers or carriers are liable, the Commission may order any employers or carriers determined liable to make repayment in full or in part to any employer or carrier which has made payments to the employee or his dependents.

N.C. Gen. Stat. § 97-86.1(d) (2005). Contending that there was "no claim" under N.C. Gen. Stat. § 97-86.1(d) until the date that the Form 33 was filed, NCSBT argues that a plain reading of the statute limits reimbursement to payments made "pending a final disposition of the claim," or between 11 October 2004 and the date of the Award.

This Court has ruled that payment of compensation pursuant to a Form 60 is not a final award of the Commission. *Perez v. American Airlines/AMR Corp.*, 174 N.C. App. 128, 131-32, 620 S.E.2d 288, 290-91 (2005) (analyzing such payments within the context of N.C.G.S. § 97-47), *disc. review improv. allowed*, 360 N.C. 587, 634 S.E.2d 887 (2006). Such payments are within the inherent powers of the Commission to amend, *see Ward v. Wake Cty. Bd. of Educ.*, 166 N.C. App. 726, 731, 603 S.E.2d 896, 900 (2004), and the Commission acted within the provisions of N.C. Gen. Stat. § 97-86.1(d) when it ordered NCSBT to make partial repayment to defendant-appellees. We hold that the Commission's Opinion and Award is the final disposition of plaintiff's claim as established by the filing of the Form 60, not the Form 33.

This argument is without merit.

### IV. Conclusion

We hold that the Commission did not err in its findings of fact, conclusions of law, or in its Award. Consequently, we affirm the 2 February 2007 Opinion and Award.

We deem abandoned those assignments of error not addressed in defendant-appellant's brief. N.C. R. App. P. 28(b)(6).

AFFIRMED.

Chief Judge MARTIN and Judge STEPHENS concur.