NO. COA13-851

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

CONNIE B. YERBY,
     Plaintiff-Employee,

v.                                          From N.C. Industrial
                                            Commission,
                                            No. X77657
NORTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY/DIVISION OF
JUVENILE JUSTICE,
     Employer,

CORVEL CORPORATION (Third-Party
Administrator),
     Defendants.


     Appeal by the North Carolina Department of Public

Safety/Division of Juvenile Justice from Opinion and Award entered

23 April 2013 by the North Carolina Industrial Commission.  Heard

in the Court of Appeals 7 January 2014.


     *Kellum Law Firm, by J. Kevin Jones, for plaintiff.*

     *Attorney General Roy Cooper, by Special Deputy Attorney
     General Sharon Patrick-Wilson, for defendant.*


     ELMORE, Judge.


     The North Carolina Department of Public Safety/Division of

Juvenile Justice (defendant) appeals from the North Carolina

Industrial Commission's award of salary continuation benefits to

Connie B. Yerby (plaintiff) for the period of 23 January 2012 through 9 June 2012. After careful review, the Opinion and Award of the Industrial Commission is affirmed, in part; and reversed and remanded, in part.

## I. Facts

Plaintiff has been employed as a Juvenile Justice Officer/Youth Monitor for defendant since 2006. On 5 December 2011, plaintiff was injured in the course of her employment with defendant when she slipped and fell on the floor at work, causing injury to her head, neck, shoulder, back, and right arm. Defendant accepted plaintiff's injury as compensable and agreed to pay plaintiff salary continuation benefits pursuant to N.C. Gen. Stat. § 143-166. On 11 January 2012, plaintiff's physician authorized her to return to light-duty work, with the restriction of not lifting her right arm. Despite the physician's authorization, plaintiff did not return to work due to safety concerns and ongoing physical pain. Defendant requested that plaintiff return to work on 23 January 2012. Accompanying defendant's request was a "RETURN TO WORK PLAN[,]" which outlined plaintiff's modified employment duties due to her injuries. Despite defendant's request, plaintiff did not return to work because "her restrictions and physical limitations" put her safety at risk "if she [was] put in direct

contact with students, who were often violent juvenile offenders." Thereafter, defendant terminated salary continuation payments effective 23 January 2012 because plaintiff did not return to work or provide an out-of-work note. Plaintiff objected to the termination of her salary continuation payments and filed a Form 33 to the Industrial Commission asking that payments continue until "[d]efendant provide[d] written assurance that [p]laintiff would not be put at an unreasonable risk of physical harm." After a hearing, Deputy Commissioner Bradley W. Houser filed an Opinion and Award in favor of plaintiff. Defendant appealed the decision to the Full Commission (the Commission), and in its Opinion and Award filed 23 April 2013, the Commission ordered that defendant "pay to [p]laintiff salary continuation for the period of January 23, 2012 through June 9, 2012[.]" In support of its award, the Commission found that "the modified, light duty job offered to [p]laintiff was not suitable to her restrictions and physical limitations and her refusal of the job was justified. N.C. Gen. Stat. §§ 97-29 and 97-32." Defendant gave timely notice of appeal on 21 May 2013 from the Commission's Opinion and Award.

## II. Analysis

### a.) Authority to Award Salary Continuation Benefits

Defendant argues that the Commission did not have the statutory authority to make an award of salary continuation benefits pursuant

to N.C. Gen. Stat. § 143-166.19. Specifically, defendant avers that N.C. Gen. Stat. § 143-166.19 gives the Commission "an advisory role with respect to salary continuation benefits . . . but reserves final determinations of eligibility to the employee's department head." We disagree.

Review of an Opinion and Award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). However, this Court conducts a *de novo* review of the Commission's conclusions of law. *Starr v. Gaston Cnty. Bd. of Educ.*, 191 N.C. App. 301, 305, 663 S.E.2d 322, 325 (2008) (citation omitted).

N.C. Gen. Stat. § 143-166.13 (2013) through § 143-166.20 (2013) detail the salary continuation plan (the plan) for certain law enforcement officers. One type of law enforcement officer covered under the plan is a juvenile justice officer. N.C. Gen. Stat. § 143-166.13(a)(9) (2013). The plan mandates that the salary of a covered person

> shall be paid as long as his employment in
> that position continues, notwithstanding his

> total or partial incapacity to perform any
> duties to which he may be lawfully assigned,
> if that incapacity is the result of an injury
> by accident . . . arising out of and in the
> course of the performance by him of his
> official duties, except if that incapacity
> continues for more than two years from its
> inception, the person shall, during the
> further continuance of that incapacity, be
> subject to the provisions of Chapter 97 of the
> General Statutes pertaining to workers'
> compensation.

N.C. Gen. Stat. § 143-166.14 (2013). In sum, a covered law enforcement officer may receive her or his regular salary during a period of incapacity for up to two years in lieu of workers' compensation benefits. *See id.* Upon the filing of a claim for salary continuation benefits,

> the secretary or other head of the department
> . . . shall determine the cause of the
> incapacity and to what extent the claimant may
> be assigned to other than his normal duties.
> The finding of the secretary or other head of
> the department shall determine the right of
> the claimant to benefits under this Article.
> Notice of the finding shall be filed with the
> [Commission].

N.C. Gen. Stat. § 143-166.19 (2013). After notice of the finding is filed, claimant has 30 days to appeal the decision to the Commission and request a new hearing, at which point the Commission

> shall proceed to hear the matter in accordance
> with its regularly established procedure for
> hearing claims filed under the Worker's
> Compensation Act, and shall report its
> findings to the secretary or other head of the
> department. From the decision of [the

Commission], an appeal shall lie as in other matters heard and determined by the Commission.

*Id.* Thus, N.C. Gen. Stat. § 143-166.19 allocates authority over salary continuation benefits to both the department that employs the claimant and the Commission. *See id.* First, the department must determine what salary continuation benefits, if any, the claimant shall receive. *Id.* Second, upon timely appeal of the department's decision, the Commission is expressly provided authority to "hear the matter in accordance with" the Workers' Compensation Act. *Id.* Consistent with the provisions of the Workers' Compensation Act, it is the Commission's duty to hear the parties' arguments, determine their disputes, decide the case, and file an Opinion and Award. N.C. Gen. Stat. § 97-84 (2013).

We first note that the case law of our State contravenes defendant's contention that the Commission does not have the statutory authority to make an award of salary continuation benefits. *See Vandiford v. N. Carolina Dep't of Correction*, 97 N.C. App. 640, 642, 389 S.E.2d 408, 409 (1990) (issue on appeal was plaintiff's eligibility to receive salary continuation benefits after the Commission denied such benefits after a hearing); *see also Ruggery v. N. Carolina Dep't of Corr.*, 135 N.C. App. 270, 276, 520 S.E.2d 77, 82 (1999) (Deputy Commissioner filed an Opinion and Award awarding salary continuation benefits to employee). Based on this State's

case law, the Commission had the statutory authority to hear the matter and issue salary continuation benefits. Here, plaintiff timely appealed defendant's decision to terminate her salary continuation benefits, filed a Form 33 with the Commission requesting a hearing on the matter, and the Commission properly ruled on the dispute.

Furthermore, based on the relevant statutory language above, we cannot agree with defendant's argument that the Commission maintains a purely "advisory role with respect to salary continuation benefits[.]" If this Court were to accept defendant's assertion, we would undermine the purpose of Article 12B to "provide additional salary benefits for law enforcement officers who are injured on the job" and to construe its provisions liberally, such that claims are "not defeated on narrow, technical grounds." *Vandiford*, 97 N.C. App. at 643, 389 S.E.2d at 409. Moreover, under defendant's interpretation of the statute, a covered individual would have no ability to appeal an employer's denial of salary continuation benefits as the Commission's determination would not be binding on the claimant's employer. Accordingly, we hold that the Commission had the statutory authority to make an award of salary continuation benefits pursuant to N.C. Gen. Stat. § 143-166.19.

## b.) Suitable Employment

Next, defendant argues that the Commission erred by awarding plaintiff salary continuation benefits based on its determination

that the "light-duty position offered to [p]laintiff . . . was not suitable employment for [p]laintiff." Specifically, defendant avers that the Commission's award should be analyzed according to whether "the duties that [p]laintiff was asked to resume . . . were lawfully assigned[.]" We agree.

N.C. Gen. Stat. § 143-166.16 clearly states that salary continuation benefits "shall be in lieu of all compensation provided . . . by G.S. 97-29 and 97-30" of the Workers' Compensation Act for a period of up to two years. N.C. Gen. Stat. § 143-166.16 (2013). Accordingly, N.C. Gen. Stat. § 143-166.16 (salary continuation) replaces workers' compensation benefits under N.C. Gen. Stat. § 97-29 (total disability) and N.C. Gen. Stat. § 97-30 (partial disability) for a period of time. *See id.* A determination of whether an individual refused suitable employment is necessary to award or deny workers' compensation benefits pursuant to N.C. Gen. Stat. § 97-29 and 97-30. *See* N.C. Gen. Stat. § 97-32. Such a determination is absent from N.C. Gen. Stat. § 143-166.19, which denies salary continuation benefits to an individual who "refuses to perform any duties to which he may be properly assigned[.]" N.C. Gen. Stat. § 143-166.19.

The definition of suitable employment is

> employment offered to the employee or, if prohibited by the Immigration and Nationality Act, 8 U.S.C. § 1324a, employment available to the employee that (i) prior to reaching

> maximum medical improvement is within the employee's work restrictions, including rehabilitative or other noncompetitive employment with the employer of injury approved by the employee's authorized health care provider or (ii) after reaching maximum medical improvement is employment that the employee is capable of performing considering the employee's preexisting and injury-related physical and mental limitations, vocational skills, education, and experience and is located within a 50-mile radius of the employee's residence at the time of injury or the employee's current residence if the employee had a legitimate reason to relocate since the date of injury.

N.C. Gen. Stat. § 97-2 (2013). The definition above illustrates that the criteria required to determine a refusal of suitable employment is separate and distinct from a determination of whether a refusal "to perform any duties to which [an individual] may be properly assigned" occurred. N.C. Gen. Stat. § 143-166.19. Since the issue of salary continuation benefits is decided under N.C. Gen. Stat. § 143-166.14 and not workers' compensation benefits under N.C. Gen. Stat. § 97-29 and 97-30, the Commission erred in its use of the suitable employment analysis as a basis for its decision. Instead, the Commission's legal analysis should have been governed by whether plaintiff refused to perform "duties to which [s]he may be properly assigned[.]" N.C. Gen. Stat. § 143-166.19.

## III. Conclusion

In sum, the Commission had the statutory authority to make an award of salary continuation benefits pursuant to N.C. Gen. Stat. § 143-166.19. However, the Commission erred by awarding plaintiff salary continuation benefits based on its suitable employment analysis. Thus, we reverse the Commission's Opinion and Award and remand for the Commission to apply the proper legal standard.

Affirmed, in part; reversed and remanded, in part.

Judge McGEE and Judge HUNTER, Robert C., concur.