NO. COA13-1345

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

CARL H. POOLE,
      Plaintiff,

v.                                North Carolina Industrial
                                  Commission
                                  I.C. No. 239480
UNIVERSITY OF NORTH CAROLINA,
CHAPEL HILL,
      Defendant.


     Appeal by defendant from opinion and award entered 27
August 2013 by the North Carolina Industrial Commission.  Heard
in the Court of Appeals 8 April 2014.


      *Attorney General Roy Cooper, by Assistant Attorney General
      Karissa J. Davan, for defendant-appellant.*

      *The Law Offices of Martin J. Horn, PLLC, by Martin J. Horn,
      for plaintiff-appellee.*


      BRYANT, Judge.


      Where  plaintiff's  declaration  of  willingness  to  resume
vocational  rehabilitation  and  evidence  in  support  thereof  is
deemed  credible  by  the  Industrial  Commission,  such  a  finding
properly  supports  the  correct  legal  standard  and  will  not  be
disturbed  on  appeal.   The  Industrial  Commission  did  not  err  in
awarding plaintiff continued medical treatment with a doctor not

authorized to accept workers' compensation patients where UNC had acknowledged and already accepted plaintiff's change in medical providers.

On 23 April 1992, plaintiff Carl H. Poole suffered a compensable injury to his lower back while moving tables for his employer, the University of North Carolina at Chapel Hill ("UNC"). On 9 May 1992, UNC filed a Form 19, "Report of Employee's Injury or Occupational Disease," and on 5 June a Form 21, "Agreement for Compensation for Disability," regarding plaintiff's injury. Under the North Carolina Workers' Compensation Act, UNC was to provide plaintiff with temporary total disability payments, medical care, and other benefits such as vocational rehabilitation relating to plaintiff's lower back injury.

On 28 April 1998, UNC filed a Form 24, "Application to Terminate or Suspend Payment of Compensation," alleging that plaintiff had failed to cooperate with vocational rehabilitation services. UNC's Form 24 was granted by order on 10 July 1998, suspending plaintiff's temporary disability compensation payments "until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts."

On 15 July 2005, plaintiff filed a Form 18 seeking pain management treatment which UNC accepted. On 25 May 2007, plaintiff filed a Form 33, "Request for Hearing," alleging that he had an ongoing disability and change in his condition. A Deputy Commissioner dismissed plaintiff's claim with prejudice on 17 November 2010, concluding that plaintiff's failure to bring his claim within a reasonable period of time had prejudiced UNC as a result.

On 18 January 2012, the Full Commission ("the Commission") re-opened plaintiff's case and remanded it for a new evidentiary hearing before a Deputy Commissioner, which was held on 30 April 2012. In its award and order filed 27 August 2013, the Full Commission reversed the ruling of the Deputy Commissioner and ordered UNC to reinstate plaintiff's temporary disability compensation payments. UNC appeals.

_____

UNC raises two issues on appeal: whether the Commission (I) applied an incorrect legal standard; and (II) erred in finding that one of plaintiff's doctors was an authorized treating physician.

*I.*

UNC contends the Commission applied an incorrect legal standard in determining that plaintiff was entitled to temporary total disability after 8 May 2008. We disagree.

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Starr v. Gaston Cnty. Bd. of Educ.*, 191 N.C. App. 301, 304, 663 S.E.2d 322, 325 (2008) (citations omitted). "Where there is competent evidence to support the Commission's findings, they are binding on appeal even in light of evidence to support contrary findings." *Id.* at 304—05, 663 S.E.2d at 325 (citation omitted). "The Commission's conclusions of law are reviewed *de novo*." *Id*. at 305, 663 S.E.2d at 325.

UNC argues that the Commission applied an incorrect legal standard "by allowing [p]laintiff to merely assert a present willingness to comply with vocational rehabilitation." North Carolina General Statutes, section 97-25, holds that "[t]he refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure when ordered by the Industrial Commission shall bar said employee from further compensation until such refusal ceases . . . ."

N.C. Gen. Stat. § 97-25 (1992).[1]  "G.S. 97-25 is clear in its mandate that a claimant who refuses to cooperate with a rehabilitative procedure is only barred from receiving further compensation "until such refusal ceases . . . ."  *Sanhueza v. Liberty Steel Erectors*, 122 N.C. App. 603, 608, 471 S.E.2d 92, 95 (1991) (holding that where the plaintiff's weekly compensation benefits were suspended pursuant to N.C.G.S. § 97-25, the fact remained "that plaintiff may again be entitled to weekly compensation benefits upon a proper showing by plaintiff that he is willing to cooperate with defendants' rehabilitative efforts").

The Commission found as fact that plaintiff's compensation payments were suspended, effective 18 March 1998, "until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts."  The Commission also found that although plaintiff's doctors felt plaintiff would never be able to return to work due to his injuries, plaintiff's management of his pain and depression had improved, and vocational rehabilitation would have "proactive benefits" for him.  The Commission then found that:

---

[1] As plaintiff's claim arose in 1992, plaintiff's claim for continuing medical compensation must be considered under N.C.G.S. § 97-25 (1992).

> [b]ased upon a preponderance of the evidence, Plaintiff's testimony at the hearing before Deputy Commissioner Ledford on May 8, 2008 that if there was employment available within his restrictions and physical limitations, he would be willing to cooperate with pursuing employment at that time, including attending job fairs and vocational rehabilitation is found to be credible and constituted a proper showing that he is willing to comply with reasonable rehabilitation efforts.

Finally, the Commission found as fact that:

> [b]ased upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff's suspension of compensation for failure to cooperate with "reasonable rehabilitation efforts" ended as of May 8, 2008 and compensation should have been reinstated as of May 8, 2008 as [UNC] had notice he was willing to cooperate and [UNC] has not proven that he was no longer disabled on as of May 8, 2008.

UNC contends the Commission applied an incorrect legal standard, stating that allowing a plaintiff to assert a present willingness to comply with vocational rehabilitation was rejected in *Powe v. Centerpoint Human Servs*. (*Powe I*), 215 N.C. App. 395, 715 S.E.2d 296 (2011), and that a test of constructive refusal of suitable employment must be applied. *Id*. at 405—06, 715 S.E.2d at 303—04.

In *Powe*, both the plaintiff and the defendant appealed an order of the Industrial Commission which found that the

plaintiff failed to "fully comply" with the defendant's vocational rehabilitation services. This Court found that the legal standard applied by the Commission was incorrect, as the Commission needed to determine the extent to which the plaintiff, who was participating in some but not all vocational rehabilitation services, failed to "fully comply." *Id*. at 406, 715 S.E.2d at 304. Noting that "declarations of a willingness to comply are not necessarily sufficient if deemed not credible by the Commission[,]" this Court remanded for the Commission to make further findings of fact as to the plaintiff's compliance. *Id*. at 402, 715 S.E.2d at 301.

*Powe* is not applicable to the instant case. Here, plaintiff's compensation was suspended beginning 18 March 1998 for failure "to cooperate with vocational rehabilitation services," with suspension to continue "until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts." The Commission found that plaintiff resumed his willingness to cooperate with vocational rehabilitation services on 8 May 2008 but that UNC made no attempt to provide plaintiff with any vocational services after 24 March 1998. UNC argues that plaintiff has not met his burden of demonstrating he is truly willing to undertake vocational

services. Although "declarations of a willingness to comply are not necessarily sufficient if deemed not credible by the Commission[,]" here the Commission clearly noted in its findings of fact that it reviewed the entire record before it and found plaintiff's testimony that he wished to begin vocational rehabilitation again to be credible.

UNC further contends the Commission applied an incorrect legal standard because UNC was prejudiced by plaintiff's delay in seeking the resumption of his benefits. UNC cites *Daugherty v. Cherry Hosp.*, 195 N.C. App. 97, 670 S.E.2d 915 (2009), in support of its contention.

In *Daugherty*, the plaintiff was injured in 1992 while working as a nurse for the defendant. *Id*. at 98, 670 S.E.2d at 917. In 1993, the Commission granted plaintiff's claim for physical injury, but denied her claim for psychological injury. *Id*. at 99—100, 670 S.E.2d at 917—18. The plaintiff resigned from her job with the defendant in 1994. *Id*. at 100, 670 S.E.2d at 918. In 2006, the plaintiff filed a Form 33, requesting a hearing as to her denied claim for psychological injury and seeking retroactive benefits and compensation. *Id*. The Commission denied the plaintiff's claim, holding that it was now barred by laches. *Id*. at 101, 670 S.E.2d at 918. On appeal,

this Court reversed and remanded, finding that the doctrine of laches was not applicable. Instead, the Commission needed to make findings as to whether the plaintiff's claim should be dismissed, pursuant to Rule 613, for failure to timely prosecute. *Id*. at 103—04, 670 S.E.2d at 919—20.

*Daugherty* is not applicable to the instant case. Here, pursuant to N.C. Gen. Stat. § 97-25, plaintiff's claim for temporary disability compensation was suspended pending plaintiff's willingness to resume cooperating with UNC's vocational rehabilitation services. Unlike the plaintiff in *Daugherty* whose claim was denied thirteen years prior to her seeking a hearing, here plaintiff's claim was only suspended, pending a finding by the Commission that plaintiff met the requirements needed to lift the suspension.

We are mindful of the length of time about which UNC complains. However, we note that plaintiff's temporary disability compensation was only suspended, not terminated, for refusal to cooperate with vocational rehabilitation. As such, the Commission could order, at any time, the reinstatement of plaintiff's compensation upon a determination that plaintiff's willingness to cooperate was supported by credible evidence. *See Powe v. Centerpoint Human Servs.* (*Powe II*), ___ N.C. App.

___, ___, 742 S.E.2d 218, 926 (affirming the decision of the Commission to reinstate the plaintiff's temporary disability benefits, despite evidence that the plaintiff was extremely uncooperative with vocational rehabilitation efforts, for "even though there may be evidence from which a fact finder could determine plaintiff has failed to cooperate with vocational rehabilitation efforts, [this Court] must uphold the finding [of the Commission]." (citation omitted)); *Bowen v. ABF Freight Sys., Inc.,* 179 N.C. App. 323, 331, 633 S.E.2d 854, 859—60 (2006) ("Where any competent evidence exists to support a finding of the Commission, that finding is binding upon this Court. Thus, even though there may be evidence from which a fact finder could determine [the] plaintiff has failed to cooperate with vocational rehabilitation efforts, we must uphold the finding." (citation omitted)). Accordingly, as the Commission's opinion and award contained findings of fact, supported by competent evidence, which in turn supported its legal conclusions, those findings are conclusive on appeal. UNC's argument is overruled.

*II.*

UNC next argues that the Commission erred in finding that one of plaintiff's doctors was an authorized treating physician.

Specifically, UNC contends the Commission erred in awarding plaintiff continued treatment with a doctor and at a facility that does not accept workers' compensation patients. We disagree.

UNC argues that the Commission erred in finding that Dr. Clarke, one of plaintiff's doctors, was an authorized treating physician. In its findings of fact, the Commission noted that after plaintiff's compensation payments were suspended on 18 March 1998, plaintiff sought treatment from Dr. Clarke for his lower back injury beginning 22 September 1998. The Commission then found as fact that "[b]ased upon [UNC]'s Claim Activity Notes, [UNC] authorized Plaintiff to receive treatment from Dr. Clarke for 'facets of his workers' compensation claim.'" Additionally, the Commission made findings of fact that plaintiff continued to seek treatment from Dr. Clarke for lower back pain, as well as heart disease, sleep apnea, incontinence, depression, diabetes, and renal disease, through 4 August 2011, when Dr. Tobin took over plaintiff's care from Dr. Clarke. These findings of fact are supported by competent evidence in the record. Further, plaintiff filed a Form 18 seeking pain management treatment with UNC on 15 July 2005, which UNC accepted on 31 August and approved on 6 September. As such, the

Commission's findings that UNC acknowledged and accepted plaintiff's change in medical providers to Dr. Clarke, even though Dr. Clarke was not an authorized medical provider, are properly supported by competent evidence. *See* N.C.G.S. § 97-25(d) (2013) ("The refusal of the employee to accept any medical compensation when ordered by the Industrial Commission shall bar the employee from further compensation until such refusal ceases[.]").

UNC further argues that the Commission erred because Dr. Tobin, plaintiff's current treating physician, is not authorized to accept workers' compensation patients and, thus, such a finding by the Commission violates N.C.G.S. § 97-25. The Commission made findings of fact, based on the evidence, that UNC continued to provide plaintiff with medical treatment even though plaintiff switched to a non-authorized doctor, Dr. Clarke, on 22 September 1998, after plaintiff's authorized medical providers discontinued his treatment on 15 June 1998. Therefore, UNC accepted plaintiff's claims for compensation for medical treatment through Dr. Clarke, even though Dr. Clarke was not authorized to accept workers' compensation patients. The Commission also found, and the record supports, that Dr. Tobin

succeeded Dr. Clarke as plaintiff's primary physician. Accordingly, UNC's argument is overruled.

Affirmed.

Judge STEELMAN concurs.

Judge HUNTER, Robert C., concurs in part and dissents in part.

.

NO. COA13-1345

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

CARL H. POOLE,
    Plaintiff,

v.                              North Carolina Industrial
                                Commission
                                I.C. No. 239480
UNIVERSITY OF NORTH CAROLINA
CHAPEL HILL,
    Defendant.


        HUNTER, Robert C., Judge, concurring in part and dissenting
        in part.


        I concur with the majority's well-reasoned conclusions as

to the legal standard used by the Full Commission and the

finding that one of plaintiff's doctors was an authorized

treating physician. However, because I believe the Full

Commission was required to address defendant's motion to dismiss

and the Deputy Commissioner's dismissal of plaintiff's claim

pursuant to Workers' Compensation Rule 613 in its opinion and

award, I respectfully dissent and conclude that this matter

should be remanded for further proceedings.

## Background

        Carl H. Poole ("plaintiff") suffered a compensable work-

related injury on 23 April 1992. His employer, the University

of North Carolina at Chapel Hill ("UNC"), filed a Form 21,

"Agreement for Compensation for Disability," and provided plaintiff with medical care and vocational rehabilitative services. Plaintiff's benefits were suspended on 10 July 1998 for failure to cooperate with the vocational rehabilitation services that defendant provided. Compensation was to be suspended "until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts."

On 15 May 2007, plaintiff filed a Form 33, "Request for Hearing," in which he requested compensation be reinstated and alleged a "change in condition." On 7 May 2007, defendant filed a motion to dismiss, alleging that plaintiff's claim was barred by laches and the statute of limitations. The parties were heard on defendant's motion to dismiss by Deputy Commissioner Kim Ledford ("Deputy Commissioner Ledford") on 8 May 2008. In Deputy Commissioner Ledford's opinion and award, the issues for determination were stated as follows:

> 1. Whether Plaintiff's claim is barred by the Statute of Limitations, either pursuant to N.C. Gen. Stat. § 97-47 or other statute?
>
> 2. Whether Plaintiff's claim otherwise should be dismissed due to his failure to prosecute this claim in a timely manner per the Rules of the Industrial Commission?
>
> 3. Whether Plaintiff's claim for additional medical treatment is otherwise barred?

After hearing testimony from the parties and receiving evidence, Deputy Commissioner Ledford entered the following relevant findings of fact in her opinion and award:

20. Following the suspension of benefits and the last payment of indemnity compensation in July 1998, Plaintiff did not seek reinstatement of indemnity compensation until the filing of his Form 33 in May 2007, almost nine years after the entry of the Order of Special Deputy Commissioner Gillen.

21. Plaintiff has shown no reason for his failure to appeal in a timely manner the Order of Special Deputy Commissioner Gillen, which suspended Plaintiff's ongoing total disability benefits. Plaintiff has otherwise shown no reason for his failure to seek reinstatement of indemnity compensation for almost nine years, an unreasonable delay. Due to this unreasonable delay, Plaintiff has essentially abandoned and failed to prosecute his claim.

22. This unreasonable delay has hindered the Defendant's ability to investigate the matter. The delay has prevented Defendant from providing services otherwise intended to lessen Plaintiff's period of disability.

23. During the passage of the nine years since the suspension of his benefits, Plaintiff's physical condition has changed due primarily to health issues unrelated to his compensable injury, including his heart disease and kidney disease, which are now his primary limiting health conditions.

24. The Defendant has been prejudiced by Plaintiff's failure to pursue this matter in a timely manner. Based upon Plaintiff's unreasonable delay, and the resulting prejudice to Defendant, sanctions short of

dismissal of the claim will not suffice.

Pursuant to these findings, Deputy Commissioner Ledford entered the following conclusions of law:

> 8. Pursuant to Rule 613 of the North Carolina Industrial Commission Workers' Compensation Rules, "Upon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission." Prior to dismissing a claim pursuant to this Rule, the Commission must find: (1) that Plaintiff acted in a manner which deliberately or unreasonably delayed the matter, (2) that Defendant was prejudiced by the Plaintiff's delay or failure to prosecute, and (3) that sanctions short of dismissal would not suffice. *Lee v. Roses Stores, Inc.*, 162 N.C. App. 129, 131, 590 S.E.2d 404, 406 (2004).
>
> 9. In this case, Plaintiff has been given proper notice and opportunity to be heard on the issue of dismissal of his case. The greater weight of credible evidence shows that Plaintiff failed to prosecute his claim within a reasonable period of time. Where Plaintiff waited nine years to pursue his claim for additional benefits, Defendant has been prejudiced, and nothing short of dismissal would be fair and just.

Thus, Deputy Commissioner Ledford dismissed plaintiff's claim with prejudice on 17 November 2010. Plaintiff appealed this ruling to the Full Commission.

By order of the Full Commission on 18 January 2012, the case was reopened and remanded for a new evidentiary hearing. The Full Commission found "old" files related to the case in the Industrial Commission file room, including "correspondence from the parties, Industrial Commission Orders, various forms filed by the parties, form agreements, [and] medical records submitted primarily as attachments to various motions dating from 1992 to 2007." Because Deputy Commissioner Ledford did not have access to these files when she entered her opinion and award, the Full Commission remanded the matter for a new Deputy Commissioner to gather this evidence, order a transcript of the proceedings, and forward the transcript and evidence to the Full Commission for review and a determination.

Deputy Commissioner James C. Gillen ("Deputy Commissioner Gillen") presided over the new evidentiary hearing. On 13 February 2013, he entered an order transferring the requested materials to the Full Commission but did not issue an opinion and award on the substance of the parties' claims. After receiving the evidence and transcript from Deputy Commissioner Gillen, the Full Commission entered its opinion and award on 27 August 2013, from which defendant appeals. In its opinion and award, the Full Commission stated that it "reviewed the prior Opinion and Award based upon the record of the proceedings

before Deputy Commissioner Ledford and Deputy Commissioner Gillen and the briefs, supplemental briefs and arguments of the parties before the Full Commission." However, the Full Commission's opinion and award contained no findings of fact or conclusions of law relating to the substance of Deputy Commissioner Ledford's dismissal of plaintiff's claim pursuant to Rule 613, the almost nine-year delay in the proceedings, or the potential prejudice to defendant that may have resulted from the delay. Rather, the Full Commission examined the new evidence introduced before the Deputy Commissioner and concluded that plaintiff had carried his burden of demonstrating his willingness to cooperate with vocational rehabilitation. Thus, it ordered that plaintiff was entitled to temporary total disability benefits beginning 8 May 2008 and continuing until further order of the Commission. Defendant timely appealed from the Full Commission's opinion and award.

## Discussion

On appeal, defendant argues that the Full Commission erred by failing to dismiss plaintiff's claim pursuant to Rule 613. Because the Full Commission failed to address this contention in its opinion and award, I believe that the matter should be remanded for entry of findings of fact and conclusions of law on this issue.

The Industrial Commission has exclusive original jurisdiction over workers' compensation proceedings. *Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 604, 70 S.E.2d 706, 708 (1952). It is required to hear the evidence and file its award, "together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue[.]" N.C. Gen. Stat. § 97-84 (2013). "The reviewing court's inquiry is limited to two issues: whether the Commission's findings of fact are supported by competent evidence and whether the Commission's conclusions of law are justified by its findings of fact." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). The Commission's findings of fact are conclusive on appeal when supported by competent evidence even though evidence exists that would support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).

"[W]hen the transcript and record before the full Commission is insufficient to resolve all the issues, the full Commission must conduct its own hearing or remand the matter for further hearing." *Crump v. Independence Nissan*, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993) (quotation marks omitted). However, "[a]lthough the decision to take additional evidence is one within its sound discretion, *the full Commission has the*

*duty and responsibility to decide all matters in controversy between the parties[.]"* *Id.* (emphasis added); *see also Payne v. Charlotte Heating & Air Conditioning*, 172 N.C. App. 496, 501, 616 S.E.2d 356, 360 (2005) ("It is well established that the full Commission has the duty and responsibility to decide all matters in controversy between the parties, and, if necessary, the full Commission must resolve matters in controversy even if those matters were not addressed by the deputy commissioner." (citation and internal quotation marks omitted)).

Here, after hearing the parties on defendant's motion to dismiss, Deputy Commissioner Ledford dismissed plaintiff's claim with prejudice pursuant to Workers' Compensation Rule 613, which provides that "[u]pon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion *or by motion of any party* for failure to prosecute or to comply with these Rules or any Order of the Commission." 4 N.C.A.C. 10A.0613(a)(3) (2013) (emphasis added). This Court has ruled that the Commission must make the following relevant findings before dismissing a case pursuant to Rule 613:

> (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3)

> the reason, if one exists, that sanctions
> short of dismissal would not suffice.

*Lee v. Roses*, 162 N.C. App. 129, 132-33, 590 S.E.2d 404, 407 (2004) (quoting *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001)).

Deputy Commissioner Ledford found as fact that: (1) "[p]laintiff has otherwise shown no reason for his failure to seek reinstatement of indemnity compensation for almost nine years, an unreasonable delay"; (2) "[t]his unreasonable delay has hindered the Defendant's ability to investigate the matter[;] [t]he delay has prevented Defendant from providing services otherwise intended to lessen Plaintiff's period of disability"; and (3) "[b]ased upon Plaintiff's unreasonable delay, and the resulting prejudice to Defendant, sanctions short of dismissal of the claim will not suffice." Thus, Deputy Commissioner Ledford entered all of the findings of fact required by the *Lee* Court before dismissing plaintiff's claim with prejudice pursuant to Rule 613.

However, the Full Commission's opinion and award is devoid of any factual findings or legal conclusions disposing of these arguments. Although the Full Commission stated that it "reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford[,]" the Full

Commission failed to address the basis of Deputy Commissioner Ledford's ruling in her prior opinion and award—dismissal under Rule 613. The Full Commission also entered no findings or conclusions as to the delay in the proceedings, the potential prejudice to defendant that may have resulted from the delay, or the reasons for the delay—all of which were included in Deputy Commissioner Ledford's findings of fact in support of her ruling. As is made clear by the list of issues for determination in Deputy Commissioner Ledford's opinion and award, these contentions were raised by defendant in its motion to dismiss and were "in controversy" throughout these proceedings. *Payne*, 172 N.C. App. at 501, 616 S.E.2d at 360. Thus, because the Full Commission "has the duty and responsibility to decide all matters in controversy between the parties," *id.*, and because it failed to address the legal contentions that formed the basis of Deputy Commissioner Ledford's opinion and award, I would remand this matter back to the Full Commission for entry of appropriate findings and conclusions determining that issue.

## Conclusion

Because the Full Commission failed to enter findings of fact or conclusions of law regarding defendant's motion to dismiss or Deputy Commissioner Ledford's previous dismissal of

plaintiff's claim pursuant to Workers' Compensation Rule 613, I respectfully dissent from the majority's holding that the Full Commission's opinion and award adequately resolved all matters in controversy between the parties. Accordingly, I would remand this matter to the Full Commission.