BRYANT, Judge.
Where plaintiff’s declaration of willingness to resume vocational rehabilitation and evidence in support thereof is deemed credible by the Industrial Commission, such a finding properly supports the correct legal standard and will not be disturbed on appeal. The Industrial Commission did not err in awarding plaintiff continued medical treatment with a doctor not authorized to accept workers’ compensation patients where UNC had acknowledged and already accepted plaintiff’s change in medical providers.
On 23 April 1992, plaintiff Carl H. Poole suffered a compensable injury to his lower back while moving tables for his employer, the University of North Carolina at Chapel Hill (“UNC”). On 9 May 1992, UNC filed a Form 19, “Report of Employee’s Injury or Occupational Disease,” and on 5 June a Form 21, “Agreement for Compensation for Disability,” regarding plaintiff’s injury. Under the North Carolina Workers’ Compensation Act, UNC was to provide plaintiff with temporary total disability payments, medical care, and other benefits such as vocational rehabilitation relating to plaintiff’s lower back injury.
On 28 April 1998, UNC filed a Form 24, “Application to Terminate or Suspend Payment of Compensation,” alleging that plaintiff had failed to cooperate with vocational rehabilitation services. UNO’s Form 24 was granted by order on 10 July 1998, suspending plaintiff’s temporary disability compensation payments “until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts.”
On 15 July 2005, plaintiff filed a Form 18 seeking pain management treatment which UNC accepted. On 25 May 2007, plaintiff filed a Form 33, “Request for Hearing,” alleging that he had an ongoing disability and change in his condition. A Deputy Commissioner dismissed plaintiff’s claim with prejudice on 17 November 2010, concluding that plaintiffs failure to bring his claim within a reasonable period of time had prejudiced UNC as a result.
On 18 January 2012, the Full Commission (“the Commission”) reopened plaintiff’s case and remanded it for a new evidentiary hearing *137 before a Deputy Commissioner, which was held on 30 April 2012. In its award and order filed 27 August 2013, the Full Commission reversed the ruling of the Deputy Commissioner and ordered UNC to reinstate plaintiff’s temporary disability compensation payments. UNC appeals.
UNC raises two issues on appeal: whether the Commission (I) applied an incorrect legal standard; and (II) erred in finding that one of plaintiffs doctors was an authorized treating physician.

I.

UNC contends the Commission applied an incorrect legal standard in determining that plaintiff was entitled to temporary total disability after 8 May 2008. We disagree.
“Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact axe supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact.” Starr v. Gaston Cnty. Bd. of Educ., 191 N.C. App. 301, 304, 663 S.E.2d 322, 325 (2008) (citations omitted). “Where there is competent evidence to support the Commission’s findings, they axe binding on appeal even in light of evidence to support contrary findings.” Id. at 304-05, 663 S.E.2d at 325 (citation omitted). “The Commission’s conclusions of law axe xeviewed de novo.” Id. at 305, 663 S.E.2d at 325.
UNC axgues that the Commission applied an incoxrect legal standaxd “by allowing [p]laintiff to merely assert a present willingness to comply with vocational rehabilitation.” North Carolina General Statutes, section 97-25, holds that “[t]he refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure when ordered by the Industrial Commission shall bar said employee from further compensation until such refusal ceases ....” N.C. Gen. Stat. § 97-25 (1992).[1] “G.S. 97-25 is clear in its mandate that a claimant who refuses to cooperate with a rehabilitative procedure is only barred from receiving further compensation “until such refusal ceases . . . .” Sanhueza v. Liberty Steel Erectors, 122 N.C. App. 603, 608, 471 S.E.2d 92, 95 (1991) (holding that where the plaintiff’s weekly compensation benefits were suspended pursuant to N.C.G.S. § 97-25, the fact remained “that plaintiff may again be entitled to weekly compensation benefits upon a proper *138 showing by plaintiff that he is willing to cooperate with defendants’ rehabilitative efforts”).
The Commission found as fact that plaintiffs compensation payments were suspended, effective 18 March 1998, “until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts.” The Commission also found that although plaintiffs doctors felt plaintiff would never be able to return to work due to his injuries, plaintiffs management of his pain and depression had improved, and vocational rehabilitation would have “proactive benefits” for him. The Commission then found that:
[b]ased upon a preponderance of the evidence, Plaintiffs testimony at the hearing before Deputy Commissioner Ledford on May 8,2008 that if there was employment available within his restrictions and physical limitations, he would be willing to cooperate with pursuing employment at that time, including attending job fairs and vocational rehabilitation is found to be credible and constituted a proper showing that he is willing to comply with reasonable rehabilitation efforts.
Finally, the Commission found as fact that:
[b]ased upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiffs suspension of compensation for failure to cooperate with “reasonable rehabilitation efforts” ended as of May 8,2008 and compensation should have been reinstated as of May 8, 2008 as [UNC] had notice he was willing to cooperate and [UNC] has not proven that he was no longer disabled on as of May 8, 2008.
UNC contends the Commission applied an incorrect legal standard, stating that allowing a plaintiff to assert a present willingness to comply with vocational rehabilitation was rejected in Powe v. Centerpoint Human Servs. (Powe I), 215 N.C. App. 395, 715 S.E.2d 296 (2011), and that a test of constructive refusal of suitable employment must be applied. Id. at 405-06, 715 S.E.2d at 303-04.
In Powe, both the plaintiff and the defendant appealed an order of the Industrial Commission which found that the plaintiff failed to “fully comply” with the defendant’s vocational rehabilitation services. This Court found that the legal standard applied by the Commission was incorrect, as the Commission needed to determine the extent to which *139 the plaintiff, who was participating in some but not all vocational rehabilitation services, failed to “fully comply.” Id. at 406, 715 S.E.2d at 304. Noting that “declarations of a willingness to comply are not necessarily sufficient if deemed not credible by the Commission^” this Court remanded for the Commission to make further findings of fact as to the plaintiff’s compliance. Id. at 402, 715 S.E.2d at 301.
Powe is not applicable to the instant case. Here, plaintiff’s compensation was suspended beginning 18 March 1998 for failure “to cooperate with vocational rehabilitation services,” with suspension to continue “until plaintiff makes a proper showing that he is willing to comply with reasonable rehabilitation efforts.” The Commission found that plaintiff resumed his willingness to cooperate with vocational rehabilitation services on 8 May 2008 but that UNC made no attempt to provide plaintiff with any vocational services after 24 March 1998. UNC argues that plaintiff has not met his burden of demonstrating he is truly willing to undertake vocational services. Although “declarations of a willingness to comply are not necessarily sufficient if deemed not credible by the Commission[,]” here the Commission clearly noted in its findings of fact that it reviewed the entire record before it and found plaintiff’s testimony that he wished to begin vocational rehabilitation again to be credible.
UNC further contends the Commission applied an incorrect legal standard because UNC was prejudiced by plaintiff’s delay in seeking the resumption of his benefits. UNC cites Daugherty v. Cherry Hosp., 195 N.C. App. 97, 670 S.E.2d 915 (2009), in support of its contention.
In Daugherty, the plaintiff was injured in 1992 while working as a nurse for the defendant. Id. at 98, 670 S.E.2d at 917. In 1993, the Commission granted plaintiff’s claim for physical injury, but denied her claim for psychological injury. Id. at 99-100, 670 S.E.2d at 917-18. The plaintiff resigned from her job with the defendant in 1994. Id. at 100, 670 S.E.2d at 918. In 2006, the plaintiff filed a Form 33, requesting a hearing as to her denied claim for psychological injury and seeking retroactive benefits and compensation. Id. The Commission denied the plaintiff’s claim, holding that it was now barred by laches. Id. at 101, 670 S.E.2d at 918. On appeal, this Court reversed and remanded, finding that the doctrine of laches was not applicable. Instead, the Commission needed to make findings as to whether the plaintiff’s claim should be dismissed, pursuant to Rule 613, for failure to timely prosecute. Id. at 103-04, 670 S.E.2d at 919-20.
Daugherty is not applicable to the instant case. Here, pursuant to N.C. Gen. Stat. § 97-25, plaintiff’s claim for temporary disability *140 compensation was suspended pending plaintiffs willingness to resume cooperating with UNO’s vocational rehabilitation services. Unlike the plaintiff in Daugherty whose claim was denied thirteen years prior to her seeking a hearing, here plaintiffs claim was only suspended, pending a finding by the Commission that plaintiff met the requirements needed to lift the suspension.
We are mindful of the length of time about which UNC complains. However, we note that plaintiffs temporary disability compensation was only suspended, not terminated, for refusal to cooperate with vocational rehabilitation. As such, the Commission could order, at any time, the reinstatement of plaintiffs compensation upon a determination that plaintiffs willingness to cooperate was supported by credible evidence. See Powe v. Centerpoint Human Servs. (Powe II), _ N.C. App. _, __, 742 S.E.2d 218, 926 (affirming the decision of the Commission to reinstate the plaintiffs temporary disability benefits, despite evidence that the plaintiff was extremely uncooperative with vocational rehabilitation efforts, for “even though there may be evidence from which a fact finder could determine plaintiff has failed to cooperate with vocational rehabilitation efforts, [this Court] must uphold the finding [of the Commission].” (citation omitted)); Bowen v. ABF Freight Sys., Inc., 179 N.C. App. 323, 331, 633 S.E.2d 854, 859-60 (2006) (“Where any competent evidence exists to support a finding of the Commission, that finding is binding upon this Court. Thus, even though there may be evidence from which a fact finder could determine [the] plaintiff has failed to cooperate with vocational rehabilitation efforts, we must uphold the finding.” (citation omitted)). Accordingly, as the Commission’s opinion and award contained findings of fact, supported by competent evidence, which in turn supported its legal conclusions, those findings are conclusive on appeal. UNO’s argument is overruled.

II.

UNC next argues that the Commission erred in finding that one of plaintiff’s doctors was an authorized treating physician. Specifically, UNC contends the Commission erred in awarding plaintiff continued treatment with a doctor and at a facility that does not accept workers’ compensation patients. We disagree.
UNC argues that the Commission erred in finding that Dr. Clarke, one of plaintiff’s doctors, was an authorized treating physician. In its findings of fact, the Commission noted that after plaintiff’s compensation payments were suspended on 18 March 1998, plaintiff sought treatment from Dr. Clarke for his lower back injury beginning 22 September 1998. *141 The Commission then found as fact that “[bjased upon [UNC]’s Claim Activity Notes, [UNC] authorized Plaintiff to receive treatment from Dr. Clarke for ‘facets of his workers’ compensation claim.’ ” Additionally, the Commission made findings of fact that plaintiff continued to seek treatment from Dr. Clarke for lower back pain, as well as heart disease, sleep apnea, incontinence, depression, diabetes, and renal disease, through 4 August 2011, when Dr. Tobin took over plaintiff’s care from Dr. Clarke. These findings of fact are supported by competent evidence in the record. Further, plaintiff filed a Form 18 seeking pain management treatment with UNC on 15 July 2005, which UNC accepted on 31 August and approved on 6 September. As such, the Commission’s findings that UNC acknowledged and accepted plaintiff’s change in medical providers to Dr. Clarke, even though Dr. Clarke was not an authorized medical provider, are properly supported by competent evidence. See N.C.G.S. § 97-25(d) (2013) (“The refusal of the employee to accept any medical compensation when ordered by the Industrial Commission shall bar the employee from further compensation until such refusal ceases[.]”).
UNC further argues that the Commission erred because Dr. Tobin, plaintiff’s current treating physician, is not authorized to accept workers’ compensation patients and, thus, such a finding by the Commission violates N.C.G.S. § 97-25. The Commission made findings of fact, based on the evidence, that UNC continued to provide plaintiff with medical treatment even though plaintiff switched to a non-authorized doctor, Dr. Clarke, on 22 September 1998, after plaintiff’s authorized medical providers discontinued his treatment on 15 June 1998. Therefore, UNC accepted plaintiff’s claims for compensation for medical treatment through Dr. Clarke, even though Dr. Clarke was not authorized to accept workers’ compensation patients. The Commission also found, and the record supports, that Dr. Tobin succeeded Dr. Clarke as plaintiff’s primary physician. Accordingly, UNC’s argument is overruled.
Affirmed.
Judge STEELMAN concurs.

. As plaintiff’s claim arose in 1992, plaintiffs claim for continuing medical compensation must be considered under N.C.G.S. § 97-25 (1992).